GULF REFINING CO. et al. v. BROWN-LLOYD CO. (No. 7144.)

(Court of Civil Appeals of Texas. Dallas. May 2, 1914. Rehearing Denied May 23, 1914.)

1. SALES (§ 71*)—CONSTRUCTION—QUANTITY.

A contract for the sale of gasoline to plaintiff, who used it in mixing its paints, provided for the sale of a stipulated quantity during the period of 12 months, or such quantity as plaintiff might require for its own consumption. *Held*, that the stipulated quantity was merely an estimate of what might be needed, and plaintiff could not, shortly before the expiration of the contract, compel delivery of the full stipulated quantity, although it was not necessary for its own consumption.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 189–196; Dec. Dig. § 71.*]

2. CONTRACTS (§ 152*)—CONSTRUCTION.

In construing a written contract, words used should be accepted in their ordinary and popular sense, unless there is something to show that they were used in a different sense.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 732, 733, 738; Dec. Dig. § 152.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by the Brown-Lloyd Company against the Gulf Refining Company and others, begun in justice's court and appealed by defendant to the county court, where, judgment being again rendered for plaintiff, defendants again appeal. Reversed and rendered.

D. Edward Greer, of Beaumont, and Etheridge, McCormick & Bromberg, of Dallas, for appellants. John L. Young, of Dallas, for appellee.

RASBURY, J. Appellee sued appellant in the justice court for $200, alleging such sum to be the difference between the price appellee paid in the market for certain gasoline and the price at which appellant had contracted to sell it to appellee, but which appellant had declined to do. Upon trial in justice court without jury, judgment was for appellee. There was an appeal to the county court at law, and trial de novo before the county judge, who also rendered judgment for appellee, from which this appeal is taken. No issue arises upon the pleading, and it is unnecessary to relate it further than we have. In fact, the issues presented by the briefs arise wholly upon certain undisputed facts and the construction to be placed upon the contract between the parties. The appellee, at the time the contract was entered into, was a private corporation engaged in outdoors advertising, and painted signs for its customers who advertised in that manner. It used considerable gasoline in mixing its paints. To secure gasoline for such purpose, appellee contracted with appellant, from whom it had previously been purchasing gasoline. Omitting formalities and references to delivery, payment, and other matters and conditions not at issue, the contract provided as follows:

"That first party sells and agrees to deliver to second party, and second party agrees to purchase and receive from first party, during the period of twelve months, commencing March 1st, 1912, 5,000 gallons of gasoline at 10½ cents per gallon, or such quantity of the above products as second party may require for its own consumption."

In pursuance with the terms of the foregoing contract, the parties operated without differences until February 18, 1913, 10 days before the expiration of the contract, at which time appellee demanded 1,600 gallons of gasoline, which would not have exceeded the 5,000 gallons specified in the contract. Appellant declined to deliver the amount demanded, but did offer to deliver to appellee daily on each of the remaining 10 days an amount of gasoline equal to the largest amount appellee had ever demanded during any one day. This appellee declined, insisting on his demand for 1,600 gallons. Appellee used gasoline for no purpose other than in mixing paints, and it could not have consumed the amount demanded in its own business within the remaining 10 days of the contract. There is other testimony in reference to the motives of both parties in relation to their respective attitudes toward the contract and the construction each placed upon the contract, but we do not think such facts material, and for that reason omit detailing same.

Appellee's construction of the contract is in effect that appellant was bound to furnish appellee on demand, at any time before the expiration of the contract, the 5,000 gallons of gasoline specified therein, since there was an absolute sale of that amount, and in addition as much more as was required by appellee for consumption in its business. Appellant's construction of the contract, on the other hand, is in effect that the intention of the parties, as evidenced by that portion of the contract that recites, "Or such quantity of the above product as second party may require for its own consumption," was that appellee should have whatever amount his business required, and that the specification of 5,000 gallons was in legal contemplation but an estimate of the amount appellee would probably consume.

[1, 2] The precise question, involving facts practically identical with those in the instant case, was decided adversely to appellee in Gulf Refining Co. v. Pegues Mercantile Co., 164 S. W. 1113.

In construing such contracts precisely, what the parties intended must be determined according to the plain import and the ordinary or popular significance of the language used therein. By the provisions of the contract under discussion, the appellant agreed to furnish appellee 5,000 gallons of gasoline or as much as was required by appellee for its own consumption. The latter portion of the clause undeniably modifies what precedes it, and in our opinion it cannot intelligently be maintained that the purpose of the contract, as evidenced by its terms and the testimony of appellee's witnesses, was other than to furnish appellee whatever amount of gasoline it might require for its own consumption, whether the amount so required was more or less than 5,000 gallons. Such conclusion is sufficiently supported by the modifying portion of the contract, but is also sustained by appellee's witness, who concedes the consumption or use of gasoline by appellee was only for mixing paints, and that they contracted for no other purpose. The 5,000 gallons specified could not have been intended as an absolute sale at all events of that much gasoline, for, if it had been, both parties would have concluded the agreement with such clear, unequivocal specification. Counsel for appellee recognize the force of such conclusion as we have said, and seek to avoid same by the claim that the parties intended to sell the 5,000 gallons outright, and in addition thereto as much more as appellee required for its own consumption, and argue that the word "and" should be

substituted for "or," which is a rule of law in some cases, and that the word "require" should be given its literal meaning, rather than the meaning intended by the parties as gathered from the contract and the testimony. We think the contention unsound. However, the meaning to be given the word "require" is immaterial, since to construe it to mean all the gasoline "called for," as urged by appellee, would only mean all "called for" "for its own consumption," and it is undisputed that such amount was furnished. To substitute "and" for "or" would make it necessary to destroy almost entirely the modifying clause placed in the contract by the parties, since, in order to make complete appellee's construction, it would also be necessary to strike out the word "consumption" so as to make the concluding paragraph read as appellee argues the parties intended it should; i. e., "and in addition such quantity of the above product as second party may call for during the period of the contract." As we have said, the rule is that to words contained in a contract there shall be applied the ordinary and popular sense, unless there is something to show they were used in a different sense. Here the contract was to furnish 5,000 gallons of gasoline modified by the parties as meaning more or less if appellee required it in its business, and, since such is the last word, the conclusion is inescapable that the specification of the number of gallons was but an estimate of the probable requirements of appellee, and, since it is conceded that appellee demanded more than was necessary for such purpose, and refused to accept an amount that would have met its actual needs, it was not entitled to recover any sum.

So viewing the controversy, it becomes necessary to reverse the judgment of the county court at law and here render judgment in behalf of the appellant.

Reversed and rendered.